NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS CABRERRA-PEREZ,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>               Respondent. | No.   20-70593<br><br>Agency No. A205-420-122<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Juan Carlos Cabrerra-Perez,[1] a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]      Although petitioner's name appears as "Cabrera-Perez" in the I-589 Application, Opening Brief, and identification documents, his name appears as "Cabrerra-Perez" in the agency decisions, Answering Brief, and Notice to Appear.

from an immigration judge's ("IJ") decision denying his applications for withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

In his opening brief, Cabrerra-Perez does not raise any argument challenging the agency's dispositive determination that he failed to establish membership in a cognizable particular social group. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Cabrerra-Perez's withholding of removal claim.

As to relief under CAT, Cabrerra-Perez also does not challenge the BIA's dispositive determination that he failed to raise any argument as to government acquiescence. *See Martinez-Serrano*, 94 F.3d at 1259-60. We lack jurisdiction to consider Cabrerra-Perez's contentions as to the merits of government acquiescence because he failed to raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, we deny in part and dismiss in part the petition for review as to Cabrerra-Perez's CAT claim.

20-70593

As to post-conclusion voluntary departure, the BIA did not have the benefit of our decision in *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021), holding that "a noncitizen builds up physical-presence time under § 1229c(b)(1)(A) from the moment he enters the United States until the moment he receives a single document that provides him with all the information Congress listed in 8 U.S.C. § 1229(a)—*i.e.*, a § 1229(a) NTA", when it concluded Cabrerra-Perez was not eligible. Thus, we grant the petition for review as to Cabrerra-Perez's voluntary departure claim, and we remand for the BIA to reconsider the claim in light of *Posos-Sanchez v. Garland. See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party must bear its own costs on appeal.

The motion for a stay of removal is granted. Cabrerra-Perez's removal is stayed pending a decision by the BIA.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**